```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                         WESTERN DIVISION
```

JOYCE A. BARNETT, et al.,    :    NO. 1:08-CV-00713
                             :
        Plaintiffs,           :
                             :
    v.                        :    **OPINION AND ORDER**
                             :
COUNTRYWIDE HOME LOANS,       :
et al.,                       :
                             :
        Defendants.           :

This matter is before the Court on the motion of Defendant Darlene Rhea to Vacate Default Judgment (doc. 35), Plaintiffs' Response in Opposition (doc. 36), and Defendant's Reply (doc. 37). For the reasons indicated herein, the Court GRANTS Defendant's motion.

**I. Background**

Plaintiffs allege in this matter that Defendants Kemper Mortgage, Inc., ("Kemper") and Darlene Rhea, a loan officer for Kemper, convinced Plaintiffs to refinance their mortgage to an adjustable rate mortgage with unsustainable payments. Plaintiffs bring a seven-count Complaint, alleging Defendants' conduct violated the Truth in Lending Act, 15 U.S.C. § 1635, the Ohio Mortgage Broker Act, Ohio Rev. Code § 1322.01 et seq., the Ohio Consumer Sales Practices Act, Ohio Rev. Code § 1345.01 et seq., the Ohio Home Solicitation Sales Act, and that Defendants are liable for fraud, negligent misrepresentation, and breach of fiduciary

duty (doc. 1). Plaintiffs moved for default judgment against Defendants after Defendants were served the summons and Complaint but failed to plead or otherwise defend this action (doc. 28). The Court held a hearing on June 25, 2009, at which time Plaintiff Joyce Barnett offered credible testimony in support of her claims. After Defendants offered no evidence to refute the testimony of Plaintiff, the Court found it appropriate to enter a default judgment against Defendants and awarded Plaintiffs $284,277.17, representing a treble award of Plaintiffs' economic damages, plus non-economic damages and attorney fees (doc. 33).

In the instant motion, Darlene Rhea moves the Court pursuant to Rules 55(c) and 60(b) to vacate the default judgment against her (doc. 35). Rhea contends she mistakenly relied on repeated representations by Kemper that it would provide her legal defense, that her counsel kept her from testifying at the hearing, to her detriment, and that the facts of this matter show she should not be held liable to Plaintiffs (Id.). Plaintiffs opposed Defendant's motion, arguing Rhea's failure to respond to their Complaint was not excusable, that her attorney's conduct did not amount to gross misconduct, and that the equitable factors do not establish good cause to vacate the default judgment (doc. 36). Defendant replied, such that this matter is ripe for the Court's consideration (doc. 37).

## II. Applicable Legal Standard to Set Aside Default Judgment

Initially, trials on the merits are favored, and any doubts as to the propriety of setting aside a default judgment should be resolved in favor of the application, even in a case where the showing is not strong. United Coin Meter Co. v. Seabord Coastline R.R., 705 F.2d 839, 846 (6th Cir. 1983); Newsome v. Alexander, 1979 U.S. Dist. LEXIS 11838 (E.D. Mich. 1979). Moreover, matters such as this one, involving large sums of money, should not be determined by default judgments if it can be reasonably avoided. Rooks v. Am. Brass Co., 263 F.2d 166, 169 (6th Cir. 1959).

Pursuant to Federal Rule of Civil Procedure 55(c), the Court may for "good cause" set aside an entry of default, and may set aside a default judgment in accordance with Civil Rule 60(b). (Fed. R. Civ. P. 55(c)). The equitable factors the court must consider to determine whether "good cause" exists to set aside default judgment include: (1) whether the defendant's culpable conduct led to a default; (2) whether a set-aside would prejudice the plaintiff; and (3) whether the defenses raised are meritorious. Thompson v. Am. Home Ass. Co., 95 F.3d 429, 432 (6th. Cir. 1996). Additionally, where Rule 60(b) is invoked to set aside a default judgment, the court must weigh the equitable factors enumerated above and must also find that one of the specific requirements of Rule 60(b) is met. Id. at 433.

In addressing whether culpable conduct led to a default, there must be either an intent to thwart judicial proceedings or a reckless disregard for the effect the defendant's conduct on those proceedings. Shepard Claims Serv., Inc. v. William Darrah & Assocs., 796 F.2d. 190, 194 (6th Cir. 1986). Also, in order to establish a meritorious defense, the movant must simply advance a defense "good at law," not necessarily one that will likely succeed. United Coin Meter Co., 705 F.2d at 845. Stated differently, to establish a meritorious defense, the defendant must show a hint of a suggestion creating some possibility that the outcome of trial will be contrary to the result achieved by default. Valvoline Instant Oil Change Franchising, Inc. et al v. Autocare Assocs., Inc., 1999 U.S. App. LEXIS 1227, at 13 (6th Cir. 1999); INVST Fin. Group v. Chem-Nuclear Sys., 815 F.2d 391, 399 (6th Cir. 1987). Finally, to be deemed prejudicial to the plaintiff, the setting aside of a default judgment must result in tangible harm such as loss of evidence, increased difficulties of discovery or a greater opportunity for fraud or collusion. Thompson, 95 F.3d at 433-34. Mere delay in satisfying a plaintiff's claim is not sufficient prejudice to require denial of a motion to set aside a default judgment. United Coin Meter Co., 705 F.2d at 845.

**III. The Parties' Arguments**

Defendant attaches an affidavit to her motion, in which she avers that when she received Plaintiff's Complaint, she contacted Mr. Chris Rines, the Regional District Manager for Defendant Kemper during the time of her employment, and that Mr. Rines assured her that Kemper would be assuming her defense in this matter (doc. 35). Defendant Rhea avers she received continued assurances from Kemper that it would be handling the defense of this matter, and she received no other notices or other communication from the Court until she received notice of the June 25, 2009 hearing (Id.). At such time, Rhea avers she called Rines again, but he did not return her calls, so she contacted Joseph Lucas to represent her in this matter (Id.). Rhea indicates that she wished to correct several assertions made by Plaintiffs at the June 25, 2009 hearing, but her counsel refused to allow her to do so (Id.). Rhea strongly disputes Plaintiffs' claims that she made any fraudulent, negligent, or otherwise wrongful representations to Plaintiffs in connection to their loan transaction with Kemper (Id.). Rhea avers she did all she could do to assist Plaintiffs, who she states were seeking to refinance to address a cash flow problem (Id.). Rhea indicates she explained to the Plaintiffs all the issues and consequences related to the loan that Plaintiffs ultimately chose, after Plaintiffs were denied a thirty-year fixed rate mortgage due to their late payment history (Id.).

5

Defendant argues the facts show good cause exists under Federal Rule 55 to set aside the Default Judgment, because her culpable conduct did not lead to default, because Plaintiffs will not be materially prejudiced by setting aside the judgment, and because Defendant has a meritorious defense (Id.). Defendant argues although she misunderstood the proceedings, she in no way acted to thwart the proceedings (Id.). On the contrary, Defendant argues she was under the mistaken impression that she had counsel, and when she discovered Kemper would not defend her, she immediately hired counsel (Id.). Plaintiffs will not be prejudiced by a lifting of the default, Rhea argues, because there will not be a loss of record evidence, but rather an enhancement of such evidence (Id.). Rhea further argues she has a meritorious defense based on the facts as she averred in her affidavit (Id.).

Defendant next argues that the default judgment was a result of her mistake and excusable neglect, allowing the Court to provide relief from the judgment under Federal Rule 60(b)(1) (Id.). Finally, Defendant argues the conduct of her prior counsel constitutes gross negligence justifying relief from the judgment under Federal Rule 60(b)(6) (Id.).

Plaintiffs argue Defendant Rhea's neglect in failing to answer the Complaint was not excusable or based on a qualifying mistake under Rule 60(b)(1) (doc. 36). Plaintiffs argue Rhea's reliance on the statements of Chris Rines that Kemper would provide

her defense was unjustified because Kemper was defunct at the time, and because she failed to get the statement in writing (Id.). Plaintiffs argue Defendant wrongly lays blame on her attorney, when she hired him only five days before the hearing, and knowingly hired him though he was not admitted to practice in federal court (Id.). Finally, Plaintiffs argue that even if the Court finds Rhea meets the requirements of Rule 60(b), she has failed to show good cause as required under Rule 55 (Id.).

**IV. Analysis**

Having reviewed this matter, the Court finds Defendant's motion well-taken. Defendant's affidavit shows she relied on the representations by Defendant Kemper that it would defend her in this matter. It further shows that as soon as she learned that Defendant Kemper was doing nothing, she found counsel. These facts show Defendant Rhea acted in good faith, and she merits relief pursuant to Rule 60(b)(1).

The Court finds overblown Defendant's arguments concerning her former counsel. The Court routinely admits attorneys to practice pro hac vice, Local Rule 83.3, and it is not of great consequence that he was not admitted to practice before the Southern District of Ohio. Although her counsel may have disagreed with Defendant regarding the best strategy, his actions in this matter did not constitute gross misconduct justifying relief for Defendant under Rule 60(b)(6).

7

The Court simply does not see evidence in this matter showing culpable conduct on the part of Defendant Rhea to thwart these proceedings. The Court agrees with Rhea's analysis that Plaintiffs will not suffer prejudice by a set-aside of the judgment. Indeed, the record will be more adequately developed and there is no risk that evidence will be lost. Finally, Rhea's affidavit provides evidence of that the outcome of trial could very well be contrary to the result achieved by default. Under these circumstances, the Court finds good cause to set aside the default judgment. Fed. R. Civ. P. 55.

**V. Conclusion**

Having reviewed this matter, the Court concludes that Defendant Rhea merits the relief she seeks. The Court, consistent with the relevant case authority, <u>United Coin Meter Co. v. Seabord Coastline R.R.</u>, 705 F.2d 839, 846 (6th Cir. 1983); <u>Newsome v. Alexander</u>, 1979 U.S. Dist. LEXIS 11838 (E.D. Mich. 1979), prefers to allow litigants to have their day in court for a trial on the merits, where there is no evidence of fraud or bad faith with regard to the entry of default. The Court congratulates Counsel on their excellent briefing on this motion.

Accordingly, the Court GRANTS the motion of Defendant Darlene Rhea to Vacate Default Judgment (doc. 35) and VACATES the Entry of Default (doc. 20) and the Default Judgment (doc. 33) previously entered in this matter. This ruling does not affect the

8

Entry of Default entered against Defendant Kemper (doc. 21).


SO ORDERED.


Dated: August 25, 2009         /s/ S. Arthur Spiegel
                               S. Arthur Spiegel
                               United States Senior District Judge